UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No: 16-51536
                                              Hon. Victoria A. Roberts

v.

CLARA SMITH,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ABOUT THE ANSWER FILED BY THE GARNISHEE (ECF NO. 5)

### I. Procedural Posture

Clara Smith ("Smith") is a former Detroit Public School principal who was sentenced for Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371 and § 666(a)(1)(B) in September 2016.

The United States of America ("the U.S.") filed a writ of continuing garnishment as to Smith with the Garnishee Office of Retirement Services ("ORS"). Smith filed a Claim for Exemptions and a Request for Hearing about the Answer Filed by the Garnishee. For the reasons stated below, Smith's request is **DENIED.**

1

**II. Rule of Law and Application to Defendant**

A. Preliminary Issue: Pension Benefits May Be Subject to Garnishment for Restitution

While Smith does not directly challenge the legality of the garnishment of her pension benefits, she asks this Court not to garnish her pension because "it still has not been determined whether forfeiture of [her] pensions will take place and if so how it would impact [her] finances." Based on this request, it is not quite clear whether Smith intends to challenge this Court's ability to garnish her pension benefits. To the extent that it is a challenge, the Court denies it. The law is well-settled that pension benefits may be subject to garnishment to pay criminal restitution orders.

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), criminal defendants must pay full restitution to victims of their crimes, and the U.S. may enforce orders of restitution pursuant to 18 U.S.C. § 3613. *See* 18 U.S.C. § 3664(m)(1)(A). Section 3613(a) provides that "Notwithstanding any other Federal law… a judgment imposing a fine may be enforced against all property or rights to property of the person fined," subject only to several very limited exceptions. None of the exceptions applies here. Smith's claim that her pension should not be garnished is moot.

Prior to the passage of the MVRA in 1996, the Supreme Court held that pension plans could not be garnished under ERISA's anti-alienation provision, absent specific exceptions. *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990). Since then, however, federal courts have held that Congress, in passing the MVRA, created an exception to laws prohibiting the alienation of pension benefits. Such benefits may now be subject to garnishment for criminal restitution. *See U.S. v. Irving*, 452 F.3d

110, 126 (2d Cir. 2003) ("it appears that Congress accepted the Supreme Court's invitation in *Guidry* by enacting the [MVRA]"); *U.S. v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007) ("[the] MVRA authorizes the enforcement of restitution orders against retirement plan benefits"; *U.S. v. DeCay*, 620 F. 3d 534, 541 (5th Cir. 2010) (holding that state-run pension plans are also subject to garnishment enforcing restitution orders: "Congress exempted certain retirement plans from garnishment under the MVRA...but did not include state-run pension plans in the list"). In general, pension benefits can be garnished in order to satisfy a restitution order just like all other property that doesn't fall under an enumerated exemption. Any challenge Smith makes to the legality of garnishment of her pension is denied.

### B. Hearings About Answers Filed By Garnishees: 28 U.S.C. § 3205

Smith makes her request for a hearing under §3205 of the Federal Debt Collection Procedures Act, under which a judgment debtor may object to an Answer filed by a third-party Garnishee by filing a written request for a hearing. 28 U.S.C. §3205(c)(5).

§3205(c)(5) requires that "[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds." "That statute does not limit the purposes for such a hearing." *U.S. v. Miller*, 588 F. Supp. 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment); see also *U.S. v. Crowther*, 472 F. Supp. 2d 729 (E.D. Texas 2007).

While a defendant/debtor requesting a hearing in response to a garnishee's answer under §3205 may raise any issue in her objection, the Court still has discretion to decide whether or not the objections are worthy of a hearing. "Courts have denied

requests for hearings…where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *Id.* The language of §3205(c)(5) requires that the court "shall hold a hearing," but a court may deny a request where the objection lacks reason or merit. *U.S. v. Menifield*, 2016 WL 6395472, at *1 (E.D. Mich. 2016) (denying request for §3205 hearing where defendant merely challenged the amount of the garnishment). If a debtor raises a valid objection to a garnishee's answer, this Court may grant her request for a hearing on the objection.

Under § 3205, Smith must state the grounds for the objection and bear the burden of proving them. Smith states, "Please do not garnish my pension because that money is needed to pay my bills while I am in prison," and "A combination of garnishment and forfeiture of my pension would leave me in potential financial ruins." Potential forfeiture of Smith's pension is not at issue here, and she has provided no documentation to support her claim of financial hardship.

More importantly, courts within this circuit have generally not found such claims to be compelling reasons to grant requests for garnishment hearings. *See U.S. v. McGhee*, 2007 WL 4326807, at *1 (E.D. Mich. 2007) ("poverty does not constitute a defense to a writ of garnishment"); *U.S. v. Mannarino*, 2014 WL 2611831, at *3 (N.D. Ohio 2014) (denying debtor's request for a hearing after she argued that garnishment was unfair due to her personal financial difficulties); *see also U.S. v. Menifield, supra.* In addition, "restitution is payable without consideration of the economic circumstances of the defendant." *Miller, supra*, at 803.

4

Smith included a Claim for Exemption Form and marked Exemption #11 (Minimum Exemptions for Wage, Salary, and Other Income). Exemption #11 provides that "[t]he aggregate disposable earning of an individual for any workweek which is subject to garnishment may not exceed...25% of his disposable earnings." However, the Answer Filed by Garnishee Office of Retirement Services acknowledges that garnishment is limited to 25% of Smith's monthly pension benefits ($1336.79 out of $5347.14 in disposable earnings). Without further validation, a claim of this exemption is not applicable to the garnishment of Smith's pension.

For the reasons stated, Smith's request for a hearing under §3205(c)(5) is **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 21, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2016.

s/Linda Vertriest
Deputy Clerk

5